**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DEBORAH DUFRENE** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 12-1-FJP-DLD** |
| **PETCO ANIMAL SUPPLIES STORES, INC., ET AL.** | |

## MAGISTRATE JUDGE'S REPORT

This slip and fall action is before the court on plaintiff's motion to remand (rec. doc. 6), which is opposed and has been referred to the undersigned for a report and recommendation.[1] This case is before the court on diversity jurisdiction and the issue before the court is whether defendant Petco Animal Supplies Stores, Inc. (Petco) timely removed this matter or whether its removal is barred by the one-year rule.

**Factual Background**

On or about March 26, 2009, plaintiff Deborah Durfene slipped and fell on the concrete while entering the Petco Store located in Denham Springs, Louisiana (rec. doc. 1-1). Plaintiff alleges that water from a rainstorm that occurred earlier that same day collected near the front door of Petco, created a slippery finish on the concrete, and caused plaintiff's slip and fall accident (rec. doc. 1). On August 19, 2009, plaintiff filed suit against defendants in the 21st Judicial District Court, Parish of Livingston, State of Louisiana (rec.

---

[1] Petco removed this matter with the consent of its co-defendant Spring Park Property Owner, LLC. Spring Park adopts all of the arguments made by Petco in its opposition to the motion to remand (rec. doc. 11).

doc. 1-1).[2] Plaintiff alleges that the slip and fall and resulting "injuries to her body" were caused by the negligent acts of the defendants.[3] Id. Plaintiff seeks damages for past, present, and future pain and suffering, medicals, and lost wages, and specifically states in her petition that "[t]he damages herein do not exceed $75,000 exclusive of costs and interest." Id.

On February 5, 2010, plaintiff filed a first supplemental and amending petition naming Spring Park Property Owner, LLC as a defendant in this matter. Plaintiff alleges that Spring Park owns the property where the accident occurred.[4] On November 18, 2010, plaintiff sent a settlement demand to counsel for Spring Park for $195,000 and attached an itemization of plaintiff's medical bills, which totaled $42,000 at that time (rec. doc. 6-3, Exhibit B1). On December 7, 2011, plaintiff filed a second amended petition solely to amend paragraph 8 to read that "[t]he damages herein do exceed $75,000" (rec. doc. 1-1, p. 85).

In response to plaintiff's second amended petition, which increased the amount of plaintiff's damages, Petco filed a notice of removal on January 3, 2012, and an amended notice of removal on February 10, 2012, alleging diversity jurisdiction (rec. doc. 1). Plaintiff

---

[2] Plaintiff originally named Petco Animal Supplies Stores, Inc. and Interface Denham Springs, LLC (rec. doc. 1-1).

[3] Plaintiff specifically alleges that her injuries were caused by defendants' negligence in failing to maintain and provide proper care and routine maintenance of the concrete on the property; failing to exercise reasonable care in preventing the accident; and failing to properly construct the premises to allow proper drainage (rec. doc. 1-1).

[4] Plaintiff alleges that Spring Park owns the property where the accident occurred, which it purchased from Interface shortly before the accident (rec. doc. 1-1, p. 44). There was an issue as to which party, Spring Park or Interface, owned the property where the accident occurred at the time of the accident and whether Spring Park assumed liability of all defects in the property when it purchased the property from Interface. These issues were resolved, and on July 25, 2011, Interface Denham Springs, LLC, was dismissed, without prejudice, upon joint motion of the parties (rec. doc. 1-1, p. 77).

filed a motion to remand arguing that defendant's notice of removal is untimely and is barred by the one-year rule set forth in 28 U.S.C. §1446(b). Plaintiff argues that defendant Petco failed to properly evaluate her claim despite having information, or access to information, which would have allowed it to timely evaluate her claim, including her deposition testimony and signed medical release forms. Plaintiff contends that she had an obligation to file an amended petition to change the allegation regarding the amount of her damages to ensure that she was not bound by her previous allegations at trial. Defendant Petco seeks an equitable exception to the one-year rule based on the holding in *Tedford v. Warner-Lambert Co.,* 327 F.3d 423 (5th Cir. 2003). Defendant argues that it was barred from removing this case due to plaintiff's allegations in the original petition that her claim did not exceed $75,000, and that plaintiff manipulated the forum by concealing the value of her claim for over a year and by amending her petition to state that the amount in controversy exceeds $75,000 after the expiration of the one-year time limitation. The motion to remand is now before the court for a report and recommendation.

**Discussion**

This case was removed based on diversity jurisdiction, 28 U.S.C. §1332. Diversity jurisdiction is not disputed as the parties are of diverse citizenship and plaintiff's second amended petition specifically states that her claims exceed the $75,000 jurisdictional minimum.[5] What is at issue here is whether defendant Spring Park is entitled to an

---

[5] A party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. Of Texas, Inc.,* 351 F.3d 636 (5th Cir. 2003), citing *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998). Plaintiff is a citizen of Louisiana; defendant Petco is a Delaware corporation, with its principal place of business in San Diego, California; defendant Spring Park has one member, Sylgar Investor, LLC, whose members are Sylan Corp., N.V., a Netherlands Antilles corporation, with its principal place of business in the Netherlands, Harold Schertz, individually, a citizen of New York, and New Park Trust, whose Trustee is Naftali

equitable exception allowing it to remove this action more than one year after it was filed in state court.

Pursuant to Section 1446(b), a party may remove a case based on diversity jurisdiction within 30 days of receipt of the initial pleading or, if the initial pleading is not removable, within 30 days of receipt of an amended pleading, motion, order, or other paper from which it is ascertained that the case has become removable. See 28 U.S.C. §1446(b). A case that is not initially removable, but later becomes removable, may not be removed based on diversity jurisdiction more than one year after commencement of the action. Id., see also *Johnson v. Heublein, Inc.*, 227 F.3d 236, 241 (5th Cir. 2000). This rule is commonly referred to as the "one-year rule" and runs from the date the lawsuit is filed. See La. Code Civ. P. Art. 421.

When faced with a motion to remand, it is defendant's burden to establish the existence of federal jurisdiction over the controversy. See *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). This case was filed on August 19, 2009, and removed on January 3, 2012; therefore, the notice of removal is untimely, as argued by plaintiff, unless an exception to the one-year time limit applies. In this case, it is defendant's burden to establish that it is entitled to an exception to the rule barring removal of cases from state court after one year.

Defendant Spring Park requests the court to apply the equitable exception recognized by the Fifth Circuit in *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427 (5th Cir. 2003) and *Brower v. Staley, Inc.*, 306 Fed. Appx. 36 (5th Cir. 2008). In *Tedford v. Warner-Lambert*, the Fifth Circuit noted that the conduct of the parties may affect whether it is equitable to strictly

---

A. Weg, a citizen of Maryland (rec. doc. 9).

apply the one-year limit and, based on the facts of that case, recognized an equitable exception to the one-year rule when a plaintiff attempts to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights. Id., at 429.

Defendant Spring Park's primary argument in support of an exception to the one-year rule is that it was barred from removing this case because of plaintiff's allegation in her original petition stating that her damages "do not exceed $75,000" and that this matter did not become removable until plaintiff filed her second amended petition wherein she alleges that her damages exceed $75,000. Plaintiff's allegation that her damages "do not exceed $75,000," however, does not serve as an absolute bar to removal, as suggested by defendant, and defendant has failed to cite to any case law to support its argument.[6]

The Fifth Circuit has held that a plaintiff's allegations regarding the specific monetary amount of her claim controls if it is made in good faith. *Allen v. R. & H. Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995). In cases where the amount alleged by plaintiff is less than the jurisdictional amount, defendant can prove that the amount in controversy actually exceeds the jurisdictional amount by a preponderance of the evidence. Id, at 1335, n. 14, citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir, 1995). Defendant can satisfy this burden by presenting "summary judgment-type" evidence showing that the amount in controversy is met. *White v. FCI, Inc.,* 319 F.3d 672, 675 (5th Cir, 2003). Thus, defendant

---

[6] Defendant cites to cases where courts found that a post-removal stipulation stating that the amount in controversy is less than $75,000 was admissible to clarify a previously ambiguous petition and warranted remand of the case. *Tanet v. USAA Ins. Co.*, 2011 WL 39036 (E.D. La. 2011); *Elbert v. Horace Mann Ins. Co*, 2011 WL 2269075 (M.D. La. 2011). Defendant argues that plaintiff's allegation in her original petition that her damages "do not exceed $75,000" has the same effect as the binding stipulation in the cited cases, which is not so.

was not barred from removing this matter until plaintiff filed her second amended petition which specifically stated that her damages exceeded $75,000.

Defendant had several opportunities to discover facts regarding plaintiff's claim to determine whether removal was appropriate within one-year of the time this action was filed in state court. Plaintiff represents, and defendant Petco does not dispute, that Petco propounded discovery and obtained signed medical authorizations from plaintiff shortly after suit was filed in November, 2009, which would have given defendant plenty of time to review plaintiff's medical records and evaluate plaintiff's claim prior to the lapse of the one-year time period (rec. doc. 6-1). Additionally, within a year of filing suit, on July 8, 2010, plaintiff was deposed where she gave detailed testimony regarding her damages and treatment, including that she was treated at the hospital the day after the fall for a concussion, that she has suffered severe physical pain and short term memory loss since the fall, that she has taken several medications for her pain, that she has undergone a facet block and a rhizotomy to relieve her pain, and that she expected to have another rhizotomy in the future for her pain (rec. doc. 6-2).

Defendant therefore had ample opportunity within the one-year time limitation to discover the facts (and, indeed, did discover facts) relevant to plaintiff's damages in order to determine whether plaintiff's claims exceeded the $75,000 amount in controversy. Defendant has failed to offer any evidence to prove that plaintiff deliberately concealed from defendant any information that indicated that plaintiff's damages exceeded $75,000, as in *Brower v. Staley, Inc.*, supra., where plaintiff's failure to tell defendant about "intensive spinal surgery" that he had until after the year period expired warranted application of the equitable exception to the one-year rule.

Moreover, facts similar to the facts in this case have been held not to support an equitable exception to the one-year rule as recognized in *Tedford v. Warner-Lambert Co.* Courts have found that although it is "troubling" when a plaintiff expressly states that a case is not worth $75,000 in the initial pleading, and only after one year changes his evaluation of quantum, it is not sufficient to trigger the rarely used exception of equitable tolling under *Tedford* because it does not present an egregious, clear pattern of forum manipulation. See *Foster v. Landon*, 2004 WL 2496216 (E.D. La. 2004)[7]; *Ho v. Colony Ins. Co.*, 2010 WL 4068955 (E.D. La. 2010)[8]. In this case, plaintiff filed an amendment after *two* years of litigation that included discovery between the parties regarding plaintiff's damages and treatment and settlement negotiations[9], which does not support an equitable exception to the one-year rule.

---

[7] Plaintiff alleged in original petition that damages were less than $75,000 and after one-year time period expired, plaintiff sent a demand letter for an amount in excess of $75,000 with attached medical records indicating that plaintiff had been diagnosed with a herniated disc. The court declined to apply an exception to the one-year rule and noted that although it was "suspicious, the record in this case does not present the egregious, clear pattern of forum manipulation" as in the cases where the equitable exception has been recognized. The court declined to speculate over the cause of the plaintiff's conduct in deciding whether to apply the exception. *Foster v. Landon*, 2004 WL 2496216 (E.D. La. 2004).

[8] Plaintiff alleged that damages were less than $75,000, but sent a demand letter indicating that the amount in controversy exceeded $75,000 after expiration of the one-year period. The court declined to apply an exception to the one-year rule as defendant was unable to offer any evidence of bad faith. *Ho v. Colony Ins. Co.*, 2010 WL 4068955 (E.D. la. 2010).

[9] On November 18, 2010, after the one-year time limit for removal expired, plaintiff sent a settlement demand for $195,000 to defendant Spring Park. Plaintiff attached an itemization of her medical bills, which totaled $42,000 to date. Plaintiff states in her motion to remand that the settlement demand letter was sent at the request of counsel for Spring Park and only to counsel for Spring Park, as both defendants previously indicated that any settlement proceeds would have to be paid by Spring Park, the landowner, and not Petco, pursuant to the lease agreement between the two defendants (rec. doc. 6-1). Petco does not dispute the representation made by plaintiff or suggest that plaintiff sent the settlement demand to one defendant and not the other in an effort to manipulate jurisdiction. The settlement demand clearly put Spring Park on notice that plaintiff's claim exceeded $75,000, and although the one-year time limit had expired, Spring Park chose not to remove this matter by raising an argument of impropriety on behalf of plaintiff.

Defendant Petco has failed to offer any evidence tending to show that plaintiff engaged in forum manipulation by concealing the value of her claim or by engaging in gamesmanship by waiting until the one-year time period elapsed before amending her complaint to state that her claim exceeds the $75,000 amount in controversy. Because defendant has failed to establish that it is entitled to an exception to the one-year rule, the motion to remand is granted.

Accordingly,

**IT IS ORDERED** that the motion to remand (rec. doc. 6) should be **GRANTED** and that this matter should be **REMANDED** to the 21st Judicial District Court, Parish of Livingston, State of Louisiana.

Signed in Baton Rouge, Louisiana, on March 23, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| DEBORAH DUFRENE | CIVIL ACTION |
| VERSUS | NUMBER 12-1-FJP-DLD |
| PETCO ANIMAL SUPPLIES STORES, INC., ET AL. | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 23, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**