UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEBORAH DUFRENE

VERSUS

PETCO ANIMAL SUPPLIES STORES,
INC., ET AL

CIVIL ACTION

NO. 12-1-FJP-DLD

O P I N I O N

This matter is before the Court on the Report and Recommendations[1] of the Magistrate Judge recommending the Court grant the Motion to Remand[2] filed by the Plaintiff Deborah Dufrene. Defendant Petco Animal Supplies Stores, Inc. ("Petco")[3] and Defendant Spring Park Property Owner, LLC ("Spring Park")[4] both filed oppositions to the report and recommendations. The Court held oral argument on the motion to remand, the report and recommendations, and the opposition thereto on May 15, 2012. Thereafter, the Court ordered the parties to supplement their briefs on various issues. Considering all of the briefs submitted by the parties and the arguments of counsel heard at oral argument,

---

[1] Rec. Doc. No. 12.

[2] Rec. Doc. No. 6.

[3] Rec. Doc. Nos. 13 & 20.

[4] Rec. Doc. Nos. 14 & 21.

Doc#47928　　　　　　　　　　　　　1

the Court refuses to adopt the report and recommendations of the magistrate judge and denies the motion to remand based on the law and facts of this case.

I.  **Factual Background**

In March of 2009, Plaintiff slipped and fell in the parking lot of a Petco store as she was exiting her vehicle.  On August 19, 2009, Plaintiff filed this lawsuit in state court wherein she stipulated that her claim for damages did not exceed $75,000.  Thereafter, Plaintiff amended her petition on February 5, 2010, to join Spring Park as a defendant but again stipulated that her damages did not exceed $75,000.  Plaintiff was deposed on July 8, 2010, and her testimony disclosed she suffered a previously existing neck injury for which she underwent a procedure relieving her of approximately 70% of her pain.

In November of 2010, Plaintiff sent a settlement demand to Spring Park (but for reasons unknown to the Court did not send the settlement letter to Petco) in which she agreed to settle for $195,000.  Spring Park responded by letter to Plaintiff's offer stating it would not engage in any settlement negotiations for a figure of more than two and one-half times the amount of damages stipulated to in the petition.  On December 7, 2011, more than one

year later, Plaintiff amended her petition, alleging for the first time that her damages exceeded $75,000. Within 30 days of the date Plaintiff filed her amended petition, Petco filed a notice of removal on the basis of diversity jurisdiction (28 U.S.C. § 1332) to which Spring Park also consented.

Plaintiff timely moved to remand this case to state court arguing the notice of removal was untimely and barred by the one-year rule set forth in 28 U.S.C. § 1446(b). Plaintiff contends in her motion that the Defendants simply failed to properly evaluate her claim while having sufficient information to do so, including having her deposition testimony and medical release forms, which should have put Defendants on notice that Plaintiff's claims could exceed $75,000.

Defendants argue they were barred from removing the case based on Plaintiff's allegations in the original and first amended petitions in which she stipulated that her claim did not exceed $75,000. Defendants also contend Plaintiff engaged in forum manipulation by concealing the true value of her claim for over a year by waiting to amend her petition to state that the amount in controversy exceeds $75,000 after the one-year time limitation expired.

## II. Law and Analysis

### A. Motion to Remand

Under 28 U.S.C. § 1446(b), a party may remove a case to federal court based on diversity jurisdiction within 30 days of receipt of the initial pleading or, if the initial pleading is not removable, within 30 days of receipt of an amended pleading, motion, order, or other paper from which it is ascertained that the case has become removable. A case not initially removable, but which later becomes removable, may not be removed based on diversity jurisdiction more than one year after commencement of the action.[5] This rule is commonly referred to as the "one-year rule" and runs from the date the lawsuit is filed.[6]

On a motion to remand, it is the burden of the defendant to establish the existence of federal jurisdiction over the controversy.[7] Because this case was filed on August 19, 2009, and removed on January 3, 2012, the notice of removal is untimely unless Defendants can establish that they are entitled to an exception to the one year rule. Both Defendants argue they are

---

[5] 28 U.S.C. § 1446(b); *Johnson v. Heublein, Inc.*, 227 F.3d 236, 241 (5th Cir. 2000).

[6] La. Code Civ. P. Art. 421.

[7] *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998).

Doc#47928      4

entitled to application of the equitable exception as held by the Fifth Circuit in *Tedford v. Warner-Lambert Co.*[8] and more recently in *Brower v. Staley, Inc.*[9]

In *Tedford*, the Fifth Circuit noted that, "Section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit."[10] The court continued:

> In enacting § 1446(b), Congress intended to "reduc[e] opportunity for removal after substantial progress has been made in state court."[11] Congress may have intended to limit diversity jurisdiction, but it did not intend to allow plaintiffs to circumvent it altogether. Strict application of the one-year limit would encourage plaintiffs to join nondiverse defendants for 366 days simply to avoid federal court, thereby undermining the very purpose of diversity jurisdiction.[12]

**B. Plaintiff's Deposition**

Plaintiff contends that her deposition testimony and medical records, which she voluntarily provided to and were in the possession of the Defendants, constitute "other paper" which should have sufficiently put Defendants on notice that Plaintiff's damages

---

[8] 327 F.3d 423 (5th Cir. 2003).

[9] 306 Fed. Appx. 36, 2008 WL 5352019 (5th Cir. Dec. 23, 2008).

[10] *Tedford*, 327 F.3d at 426 (citations omitted).

[11] *Id.* at 427, citing H.R.Rep. No. 889, at 72(1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032.

[12] *Id.* (citations omitted).

Doc#47928                                5

Case 3:12-cv-00001-FJP-DLD   Document 22   08/23/12   Page 5 of 16

exceeded $75,000. Plaintiff further contends Defendants had copies of her doctor's notes which indicated that her neck pain had been asymptomatic for twenty years. Plaintiff argues that Defendants' characterization of her neck pain as "chronic" is not supported by the medical records because the exacerbation of a twenty-year old asymptomatic neck injury cannot be considered chronic.

Petco interprets Plaintiff's July 8, 2010 deposition differently. Petco contends the Plaintiff's deposition revealed that, in addition to having undergone an outpatient surgical procedure for the injury allegedly sustained at Petco, Plaintiff also had an extensive prior history of low back pain and neck problems for which she had previously undergone surgery on both her lumbar and cervical spine prior to the Petco accident. For this reason, Petco agreed with Plaintiff's original and amended petition that her damages for this accident did not exceed $75,000.

Both Defendants also note that Plaintiff's counsel waited well over a year after the date of the deposition to amend her petition to change the allegation that her damages were not limited to $75,000. While Plaintiff contends the information in her deposition served as notice to the Defendants that Plaintiff's case was worth more than $75,000, the Court is concerned why the Plaintiff did not amend her petition when her deposition was taken

Doc#47928                                6

and transcribed rather than waiting 16 months to amend the petition to reflect her damages exceeded $75,000. At oral argument, Plaintiff's counsel represented that he did not determine his client's claims exceeded $75,000 until late August or September of 2010, yet gave no reason why he waited over one year to amend the petition. The Court can assume from Plaintiff's failure to amend her petition when she received her deposition that the reason was to prevent Defendants from removing the case by letting the one year limitation pass.

Defendants argue that the trigger for the 30-day removal period was the date the Plaintiff amended her petition, not the July 8, 2010 deposition or the settlement demand letter sent only to Spring Park. While the Fifth Circuit held in *S.W.S. Erectors, Inc. v. Infax, Inc.*[13] that deposition testimony could constitute "other paper" under Section 1446(b), Petco contends the information in the deposition was not unequivocally clear and certain to start the time limit to file a notice of removal.[14] Defendants assert that while the July 8, 2010 deposition may have suggested the possibility of damages in excess of $75,000, it did not clearly and unequivocally express such a conclusion. Defendants argue this

---

[13] 72 F.3d 489 (5th Cir. 1996).

[14] *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210-211 (5th Cir. 2002).

contention is supported by Plaintiff's failure to amend her petition for over 16 months. Defendants also argue that in *S.W.S. Erectors*, the deposition was held to constitute "other paper," because the plaintiff had expressly stated that its claim at issue exceeded the jurisdictional amount. Such a declaration was not set forth in the deposition of Dufrene. During Dufrene's deposition, she made no representation on the amount of damages she was seeking.

Additionally, Petco contends that even if its defense counsel could have arguably concluded that Plaintiff's claims exceeded $75,000, this conclusion was still insufficient to trigger the removal period. The jurisprudence is clear that the defendant's subjective knowledge does not convert a case into a removable action.[15] The holding in *S.W.S. Erectors* makes it clear that the thirty-day period to remove is only triggered by a voluntary act of the Plaintiff.[16]

**C. Settlement Demand Letter**

Should the Court find Plaintiff's deposition testimony and medical records not "unequivocally clear and certain" as to constitute "other paper," Plaintiff contends the settlement demand

---

[15]*S.W.S. Erectors*, 72 F.3d at 494, citing *Chapman*, 969 F.2d at 163.

[16]*Id.*

letter of November 18, 2010 most definitely is. Plaintiff points out that the demand letter included an itemized list of her medical expenses, which at that time amounted to $42,000. Plaintiff argues that because this demand letter clearly and unequivocally expressed that her damages exceeded $75,000, Defendants had 30 days from the date of this letter to remove the case to federal court.

Petco contends that if the settlement demand does constitute "other paper," the letter still did not trigger the thirty-day period as to Petco because Plaintiff did not send a copy of this settlement demand letter to Petco. Petco contends, and the Court agrees, that Spring Park's receipt of the settlement demand had no affect on Petco's ability to ascertan the value of the claim because Petco was unaware of the content of the letter and thus could not exercise its right to remove the case to federal court. Petco also contends Plaintiff's amended petition claiming damages in excess of $75,000 was the only "other paper" which Petco had notice of which was unequivocally clear and certain as to the amount in controversy and which triggered the thirty-day removal period.

The Court must note that, while Plaintiff clearly alleges Spring Park had notice of the amount of the claim upon receipt of this letter, Plaintiff completely fails to respond to Petco's

Doc#47928 9

argument that it had no knowledge of the contents of the demand letter Plaintiff sent to Spring Park. The Court finds Petco cannot be held responsible for the information set forth in the letter, and Plaintiff has failed to provide, nor could the Court find, any jurisprudence to support Plaintiff's contention.

Spring Park argues that upon receipt of the settlement demand letter, it refused to engage in settlement negotiations well above the amount to which Plaintiff had stipulated in her petition. Spring Park also argues that contrary to the arguments made by Plaintiff's counsel, the Plaintiff's deposition actually disclosed causation issues based on Plaintiff's pre-existing injuries which justified a conclusion that Plaintiff's claims were less than $75,000. Spring Park argues that if Plaintiff's counsel had such a "concrete" belief following Plaintiff's deposition that her damages clearly exceeded $75,000, there is no other plausible explanation for his failure to amend the petition until after the one-year limitation other than to deprive Defendants of their right to remove the case to federal court.

Spring Park concedes that in some instances, courts have found demand letters to be "other paper" sufficient to commence the thirty-day period for removal. However, Spring Park contends that, considering all relevant facts and circumstances in this particular

Doc#47928    10

case, the demand letter was not sufficient as a matter of law to begin the thirty-day removal period. When Spring Park received a demand letter seeking $195,000, which was more than two and a half times the stipulated amount of damages in Plaintiff's petition, Spring Park simply disregarded the letter based on its own evaluation of Plaintiff's medical records and her deposition transcript and the amount of stipulated damages set forth in the petition to which Plaintiff was bound.

Spring Park argues that at the time of Plaintiff's demand letter, Plaintiff could not have legally recovered more than $75,000 under Louisiana law. Spring Park asserts it had the right to rely upon the "not more than $75,000 language" in Plaintiff's petition in analyzing its own potential exposure at trial. It also had the right to rely on the Plaintiff's medical records and deposition testimony in evaluating any potential settlement offer. The Court must wonder why Spring Park would engage in settlement discussions in an amount far above its maximum exposure at trial. Spring Park contends its counsel made it clear to Plaintiff's counsel that Spring Park would not engage in settlement negotiations so far outside the scope of the maximum damages stipulated to in Plaintiff's petition of $75,000 which is less than the amount required to give the Court subject matter jurisdiction

under 28 U.S.C. § 1332.

### D. Equitable Tolling

Plaintiff contends she did not act in bad faith nor did she in any way engage in forum manipulation by waiting almost 16 months to amend her petition to seek damages greater than $75,000. Plaintiff further contends that Defendants have failed to present any evidence of bad faith which would justify the application of equitable tolling in this case.

The Defendants strongly disagree with Plaintiff's contentions. Defendants argue that the one-year period set forth in 28 U.S.C. § 1446(b) began when the suit was filed, but was tolled because of Plaintiff's manipulation of the amount in controversy. The Court agrees as does the jurisprudence. Petco relies on the Fifth Circuit's ruling in *Tedford*[17] and which was later explained in *Brower v. Staley, Inc.*[18] In *Brower*, the plaintiff filed suit after a car accident in state court claiming damages less than $75,000. After receiving Brower's discovery responses indicating some doubt about this $75,000 limit, the defendant removed the case to federal court. Brower moved to remand on the basis that the defendant had not established that the amount in controversy exceeded $75,000.

---

[17] *supra.*

[18] 306 Fed. Appx. 36.

The court granted this motion.[19] Less than two months later, Brower amended his complaint to seek damages in excess of $75,000. The defendant again removed the case to federal court, and Brower's second motion to remand was denied.[20] The court found that, because Brower did not advise the defendant of a particular surgery until after the one-year removal limit had expired, an equitable exception to Section 1466(b)'s one-year limit applied under the facts of this case.[21]

The Court agrees that *Brower* is applicable to the case at bar. As Petco points out, it was facially apparent that the value of Plaintiff's claim set forth in her petition did not meet the amount in controversy at the time she filed suit. Counsel claims he recognized that Plaintiff's claims exceeded $75,000 some time in August or September of 2010, but failed to file an amended petition to reflect the damages exceeded $75,000 until December of 2011, over one year after plaintiff claims he knew the assertion made as to damages in the original petition was incorrect. The Court sees no possible reason for such a delay to amend the petition in this

---

[19]*Id.* at 37-38.

[20]*Id.* at 38.

[21]*Id.*, citing *Tedford*, 327 F.3d at 426 ("Section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit.").

Case 3:12-cv-00001-FJP-DLD   Document 22   08/23/12   Page 13 of 16

case other than finding an attempt by Plaintiff to avoid removal which is clearly a manipulation of jurisdiction and the right of the Defendants in this case to remove the case to federal court.

Spring Park argues that it is not a prerequisite that it show actual bad faith on the part of the Plaintiff to enjoy the benefits of equitable tolling. The Court agrees. Spring Park contends the question is simply whether equity dictates that the time limit be extended under the facts of the case. Spring Park further contends that it must only demonstrate that it would be inequitable or unfair for Spring Park and Petco to be deprived of their rights to a federal forum in the manner orchestrated by the Plaintiff, despite the Plaintiff's alleged innocent intentions.

The Court agrees that bad faith does not have to be established for equitable tolling to apply. The Fifth Circuit's decision in *Brower v. Staley, Inc.* was discussed above. However, the Court also points out and relies on the district court's decision in *Brower v. Staley, Inc.,* wherein the court specifically held that, "...given the very nature of the term 'equitable' in the equitable exception doctrine means fairness, malfeasance is not necessarily required to utilize the exception. Giving the benefit of the doubt to both parties, it appears equitable and in the interest of justice and judicial economy to allow Defendants to

remove the case to federal court since there is now no dispute that there is diversity of citizenship and an amount in controversy in excess of $75,000."[22] The fact that Plaintiff waited over 16 months to amend the petition was totally unreasonable and prevented the Defendants from exercising their right to remove the case to federal court.

Thus, the Court finds that even if it gives Plaintiff's counsel the benefit of the doubt that they did not act in bad faith and/or forum manipulation was not present in counsel's delay in amending Plaintiff's petition, the Court finds that equity demands the application of equitable tolling in this matter under the law and facts of this case. Therefore, for reasons set forth above, Plaintiff's motion to remand is hereby DENIED.

**III. Conclusion**

For the reasons set forth above, the Court finds that equitable tolling applies under the law and facts of this case. Therefore, Plaintiff's motion to remand this case to state court is DENIED.[23]

---

[22] 2006 WL 839469, *3 (S.D. Miss., Mar. 27, 2006).

[23] Rec. Doc. No. 6.

Doc#47928                                    15

Case 3:12-cv-00001-FJP-DLD   Document 22   08/23/12   Page 15 of 16

This case is referred back to the magistrate judge to set a scheduling conference and such other orders which may be required.

Baton Rouge, Louisiana, August 23, 2012.

                                                             *[signature]*
                                                 FRANK J. POLOZOLA
                                                 MIDDLE DISTRICT OF LOUISIANA

Doc#47928                          16